1. CARRIERS—CARRIAGE OF PASSENGERS—PERFORMANCE OF CONTRACT.

A street car passenger, instead of boarding a car which he was asked to take because of an accident to the car in which he was riding, remained in the car, which was placed upon a siding, and he remained in such car for an hour or more, held, that he was not entitled to recover from the carrier on the theory that there had been a violation of the contract of transportation.

2. FALSE IMPRISONMENT.

Plaintiff was not entitled to recover for false imprisonment.

Appeal from Municipal Court, Borough of The Bronx, First District.

Action by Martin Norton against the Union Railway Company. From a judgment in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

James L. Quackenbush (William E. Weaver, of counsel), for appellant.

James E. Smith, for respondent.

MacLEAN, J. Complaining orally "for a violation of contract," the plaintiff showed that, having a transfer neither asked for nor exhibited, he boarded a trolley car, which was not run further, but, after the plaintiff and all intending passengers had been asked to take another car there and then waiting, was put upon the siding, where he, with three others, sat for an hour or more. These showings exhibited no contractual relation between the parties. In the absence of a self-denying ordinance (with a compensatory clause), the plaintiff mistook his reward when, after taking upon him inconvenience and ridicule, pillorying himself in a car shunted aside because, as said the servants of the defendant, out of order, or, it may be, because of pretense purely, or, it may be, too, even purposefully, of spite, he brought this action for a sum of money. Mere martyrdom is not mercenary. This particular car not having been chartered by or to the plaintiff, the defendant under its statutory powers could transport the plaintiff upon any other of its suitable vehicles destined to the place where he would go.

No proof of any damage to the plaintiff was offered, although he enlarged his complaint by a bill of particulars wherein was inserted, in effect, a count for false imprisonment. To false imprisonment one is not subjected who voluntarily puts himself into a close easy to leave, and there, sulking under solace of beer, offers a spectacle diverting, perhaps, to an onlooker, but not to be seriously presented in a court. Erroneously the case was not dismissed when the plaintiff rested. As erroneously it was submitted to the jury, and that, too, under a charge to which valid exceptions were taken.

The judgment in favor of the plaintiff should be reversed, with all costs, but, not to lumber the calendar to the hindrance of litigants with real grievances, without granting a new trial.

Judgment reversed, with costs to the appellant.

GILDERSLEEVE, P. J. (concurring). I concur in the conclusion reached by Mr. Justice MacLEAN that the judgment should be reversed. The testimony shows, with practically no contradiction, that one of the motors of the car, upon which plaintiff was a passenger, had become disabled; and, in consequence of the unusual load thus thrown on the remaining motor, the latter was "blowing out" its fuses. The car was, therefore, run into defendant's barn, and plaintiff requested to take another car, then waiting for him, to continue his journey to his place of destination. He preferred

to remain on the original car, instead of taking the other car provided for him. Under these circumstances he has no cause of action against the company.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

BISCHOFF, J. (concurring). There is not the slightest suggestion in the record that the defendant company was chargeable with a breach of its contract to carry the plaintiff. That contract gave him no absolute right to transportation without change from one car to another, and it appears beyond question that the change of cars was but an incident to the defendant's performance of the contract, unattended with any actual delay. As the case was developed upon the proofs, an award of damages to the plaintiff, even nominal in amount, could not be justified upon any theory of law, and, if it be assumed that he had a cause of action, certainly the recovery was excessive, because it included items of damage due to his willful persistence in the matter of incurring damages. If there was a breach of contract, and injury was threatened, it was the plaintiff's duty to use reasonable efforts towards the reduction of his damages (Hale on Damages, § 29, and cases cited); but so far as the proof indicates, every item of damage which he claimed was traceable wholly to his own invitation of injury.

I agree that the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.